O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO E. I. P., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 5:17-cv-01644-KES <br><br> MEMORANDUM OPINION AND ORDER |

# I.
# BACKGROUND

On May 2, 2013, Alejandro E. I. P. ("Plaintiff") filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability commencing March 1, 2010. Administrative Record ("AR") 212-29.

On April 25, 2016, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified,

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

1

as did a vocational expert ("VE"). AR 37-69.

On May 23, 2016, the ALJ issued a decision denying Plaintiff's SSI and DIB applications. AR 10-36. The ALJ found that Plaintiff suffered from medically determinable severe impairments consisting of "degenerative disc disease of the cervical spine and lumbar spine (L4-5); and a bipolar disorder (affective disorders)." AR 15. Despite these impairments, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of medium work with the following limitations:

> [E]xcept up to six hours of standing and/or walking and six hours of sitting in an eight-hour workday; frequent overhead reaching to include above the shoulder and above the head; frequent climbing of stairs; never climbing ladders or scaffolds; frequent balancing; frequent stooping; frequent kneeling; frequent crouching; frequent crawling; frequently able to understand, remember, and carry out simple, repetitive tasks and make simple work-related decisions; never have interaction with the public; occasional exposure to co-workers; frequent exposure to supervisors; no work where the pace of productivity is dictated by an external source over which he has no control, such as an assembly line or conveyor belt; occasional changes in work routine in a routine work setting; no strict time or high quota demands for production; and he would miss one day of work per month or be off task 10% of the workday.

AR 18.

Based on this RFC and the VE's testimony, the ALJ determined that Plaintiff could not perform his past relevant work as a security guard. AR 28-29. The ALJ found, however, that Plaintiff could work as a hand packager, Dictionary of

Occupational Titles ("DOT") 559.687-074, or a dishwasher, DOT 318.687-010.[2] AR 30. The ALJ therefore concluded that Plaintiff was not disabled. Id.

## II.

## STANDARD OF REVIEW

A district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Comm'r of SSA, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required

---

[2] The ALJ also found that Plaintiff could work as an electronic assembler, DOT 726.687-058, see AR 30, but there is no such DOT listing. There is a DOT code for an Electronics Assembler found at DOT 726.684-018. In any event, the Court only considers the other two jobs, which are sufficiently numerous. AR 30 (finding 58,000 hand packager positions and 500,000 dishwasher positions nationally).

3

to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r of SSA, 454 F.3d 1050, 1055 (9th Cir. 2006).

## III.
## ISSUE PRESENTED

Plaintiff's appeal presents the sole issue of whether the ALJ properly considered the medical evidence contained in the treating opinion of Lyle Forehand, Jr., M.D. (Dkt. 23, Joint Stipulation ["JS"] at 4.)

## IV.
## DISCUSSION

A. **Summary of Dr. Forehand's Opinions.**

In November 2015, treating psychiatrist Dr. Forehand of the Riverside County Department of Mental Health (the "County") completed an "adult psychiatric assessment" of Plaintiff. AR 444-47. Dr. Forehand diagnosed Plaintiff as suffering from "bipolar disorder, current episode manic severe w/ psychotic features" and "cannabis abuse." AR 444. His manic symptoms included "[i]nflated self-esteem/grandiose," and his psychotic symptoms included delusions and hallucinations. Id. Dr. Forehand noted an incident "fueled by cannabis" when Plaintiff had been "tackled by police officers" and arrested as a danger to self or others. Id. Dr. Forehand also noted that Plaintiff had received treatment from the County from March 2013 through October 2015 when his file was "closed due to poor attendance and adherence." AR 445. Dr. Forehand reported that Plaintiff was able to enjoy hobbies such as photography and guitar playing and had a friend Charlotte "who wants to be his girlfriend and supports him financially." AR 446. Plaintiff told Dr. Forehand that he had worked security jobs "most recently for 3 months in 2010 until fired for refusing to take a lie detector test after a fire." AR 446. Dr. Forehand's treatment plan was to "get labs; move to less antidepressants and more mood stabilization, and more adherence." AR 447.

In April 2016, Dr. Forehand completed a medical source statement. AR 464-

66. Dr. Forehand noted that Plaintiff had been psychiatrically hospitalized in July 2011 and August 2013. AR 465. He found that Plaintiff's ability to carry out simple instructions was only "mildly" impaired, while his ability to carry out complex instructions was "markedly" impaired. AR 464. He found that Plaintiff's ability to interact appropriately with others was only "mildly" impaired, while his ability to respond appropriately to usual work situations and changes in routine was "moderately" impaired. AR 465.

B. **Claimed Error in the ALJ's Evaluation of Dr. Forehand's Opinions.**

The ALJ gave "significant weight" to Dr. Forehand's opinions. AR 27. The ALJ explained this decision as follows:

> Recently, on April 13, 2016, Dr. Forehand, a treating psychiatrist at Riverside County Department of Mental Health, opined that the claimant has marked impairment only in the ability to understand, remember, and carry out complex instructions on work related decisions [AR 464]. The doctor opined that the claimant otherwise has only mild or moderate limitations in performing the mental aspects of work [AR 464-65]. I give significant weight to this opinion. The opinion is consistent with the longitudinal record in that it supports a finding of a severe mental impairment(s) but not a disabling mental impairment(s). The form the doctor used to give his opinion specifically defines "moderate" as "There is more than a slight limitation in this area but the individual is still able to function satisfactorily" [AR 464]. "Mild" is defined as "[t]here is a slight limitation in this area, but the individual can generally function well" [id.]. I agree that the claimant has mental limitations regarding the ability to work, but he is still able to function at least satisfactorily in terms of performing work consisting of simple, repetitive tasks. Dr. Forehand is a treating psychiatrist, and his opinion is relatively

5

|     |                                                                              |
| --- | ---------------------------------------------------------------------------- |
| 1   | consistent with the opinions of the State Agency psychological               |
| 2   | consultants.                                                                 |

AR 27-28.

The ALJ further stated that to the extent Plaintiff's RFC might be inconsistent with Dr. Foreland's opinions, the variance was due to the ALJ's consideration of other evidence, Plaintiff's unreliability as a historian, evidence of poor effort during physical examinations (suggesting malingering), and Plaintiff's ability to engage in daily activities which included driving, using public transportation, going to the library, shopping on his own, using a computer, playing the guitar, and learning to play the piano. See AR 19-28, citing, e.g., AR 17, 19, 21, 26, 44, 52, 54, 280-281, 394, 396, 446.

Plaintiff seizes on the ALJ's finding that Plaintiff is "frequently able to understand, remember, and carry out simple, repetitive tasks and make simple work-related decisions." AR 18. Plaintiff notes that in the Social Security context, "frequently" means up to two-thirds of the workday. (JS at 6.) Plaintiff argues that if the ALJ found that he can only do simple work up to two-thirds of the workday, then the ALJ must have contemplated that he would either do (i) no work or (ii) complex work during the remaining one-third of the workday. (Id. at 7.) Plaintiff reasons that the ALJ did not have the "no work" scenario in mind, because it is inconsistent with the SSA's definition of substantial gainful employment which requires an 8-hour workday. (Id. at 6-7.) Plaintiff further reasons that the ALJ must have had the "complex work" scenario in mind, which is inconsistent with Dr. Forehand's opinion that Plaintiff is "markedly" impaired doing complex work. (Id., citing AR 464.) Plaintiff concludes that the ALJ failed to give a legally sufficient reason for rejecting Dr. Forehand's opinion. (JS at 7-8.)

Defendant argues that the ALJ did not expect Plaintiff to do no work during one-third of the workday, because the ALJ expressly limited Plaintiff's time off-task to 10% of the workday. (Id. at 12, citing AR 18.) Defendant further argues

that the ALJ provided a "sufficient rationale for any variance between Plaintiff's RFC and [Dr. Forehand's] opinion." (JS at 13.)

C. **Analysis.**

It is unreasonable to interpret the RFC as meaning that Plaintiff cannot work one-third of the workday, or that Plaintiff can do complex work one-third of the workday. Rather, the ALJ's statement was compound; she wrote that Plaintiff was "frequently able to understand, remember, and carry out simple, repetitive tasks ***and*** make simple work-related decisions." AR 18 (emphasis added). The most logical interpretation of this statement, considered in the context of the whole decision, is that Plaintiff can do work involving simple, repetitive tasks so long as he is not required to make work-related decisions more often than "frequently." This is borne out by Plaintiff's citation to Social Security Ruling ("SSR") 83-10 as a source for the definition of "frequent." (See JS at 6.) SSR 83-10 defines "frequent" in the context of exertional limitations, not mental limitations such as limitations to simple, repetitive tasks. In describing mental functioning, the regulations describe levels of mental complexity such as skilled, semi-skilled, and unskilled. See 20 C.F.R. §§ 404.1568, 416.968.

For this same reason, Plaintiff has failed to demonstrate prejudicial legal error. Per the DOT, the hand packager and dish washer jobs both have a specific vocational preparation ("SVP") rating of 2, which equates to unskilled work. See 20 CFR §§ 404.1568 and 416.968. Both jobs require reasoning level 2 which requires workers to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015) (citing DOT App. C). Reasoning level 2 is consistent with a limitation to simple, routine work. Id.; see also Phothikham v. Astrue, 2011 U.S. Dist. LEXIS 39071, 2011 WL 1362079, at *4 (C.D. Cal. Apr. 11, 2011) (collecting district court cases holding that a limitation to simple, repetitive tasks is consistent with reasoning level 2). Plaintiff does not argue that anything in Dr. Forehand's opinions

(or any other medical evidence) shows that he cannot work as a hand packager or dish washer with the accommodation that he be off-task 10% of the workday.

## V.
## CONCLUSION

Plaintiff's misreading of the ALJ's RFC assessment fails to demonstrate legal error. IT IS THEREFORE ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: August 02, 2018

_____
KAREN E. SCOTT
United States Magistrate Judge